IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VICTOR SHORT, SR., individually, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:15-cv-1953-M-BN |
| | § | |
| JPMORGAN CHASE BANK, N.A., ET AL., | § | |
| | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Barbara M.G. Lynn.

The undersigned issues the following findings of fact, conclusions of law, and recommendation that Defendants Thomas F. Vetters, Matt Lindsey, Robert Forester, Robert Maris, and Lisle Patton were improperly joined and should be dismissed. The undersigned concludes that, with the dismissal of the improperly-joined defendants, complete diversity of citizenship exists between all properly-joined parties and the Court has subject matter jurisdiction.

**Background**

On May 12, 2015, Plaintiff Victor Short, Sr., proceeding *pro se*, filed an Original Petition against Defendants JPMorgan Chase Bank, N.A. ("JPMC"), Government National Mortgage Association, Thomas F. Vetters, Matt Lindsey, Robert Forester,

Robert Maris, and Lisle Patton in the 191st Judicial District Court of Dallas County, Texas. *See* Dkt. No. 1-1.

On June 5, 2015, JPMC removed the case to this Court on the basis of 28 U.S.C. § 1332 diversity jurisdiction. *See* Dkt. No. 1. In its Notice of Removal, JPMC argues that Defendants Thomas F. Vetters, Matt Lindsey, Robert Forester, Robert Maris, and Lisle Patton were improperly joined in their capacities as trustees, that their citizenship should be disregarded for purposes of diversity jurisdiction, and that there is complete diversity of citizenship between all properly-joined parties. *See id.* at 4-5. There appears to be no dispute that Thomas F. Vetters, Matt Lindsey, Robert Forester, Robert Maris, and Lisle Patton are citizens of Texas for diversity jurisdiction purposes. JPMC further asserts that the consent of the other defendants was not necessary for removal because the case was removed before they were properly served or because they were improperly joined. *See id.* at 5.

The Court ordered Plaintiff to file a brief by June 26, 2015 explaining whether, as JPMC argues in its Notice of Removal [Dkt. No. 1], Defendants Thomas F. Vetters, Matt Lindsey, Robert Forester, Robert Maris, and Lisle Patton were improperly joined and should be dismissed from this lawsuit. *See* Dkt. No. 7. Plaintiff has failed to do so, and the time for filing this jurisdictional briefing has passed.

## Legal Standards

Federal courts have an independent duty to examine their own subject matter jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("[A]ny federal court

may raise subject matter jurisdiction *sua sponte*."). A defendant may remove an action filed in state court to federal court if the action is one that could have originally been filed in federal court. *See* 28 U.S.C. § 1441(a). The removing party bears the burden of establishing jurisdiction. *See Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001). A federal court's jurisdiction is limited, and federal courts generally may hear only a case of this nature if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

28 U.S.C. § 1332 creates federal subject matter jurisdiction where diversity of citizenship exists between the parties, where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1332(a), (b). Diversity jurisdiction requires that the parties be "citizens of different States." 28 U.S.C. § 1332(a)(1). A district court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003).

"When a defendant removes a case to federal court on a claim of improper joinder, the district court's first inquiry is whether the removing party has carried its heavy burden of proving that the joinder was improper. Indeed, until the removing party does so, the court does not have the authority to do more; it lacks the jurisdiction to dismiss the case on its merits." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 576 (5th Cir. 2004) (en banc). "In every case where a diverse defendant proves that the

plaintiff's decision to join an in-state party is improper, the diverse defendant gains access to the federal courts. If, however, the foreign defendant fails to prove the joinder improper, then diversity is not complete, the diverse defendant is not entitled to remove, and remand is mandated." *Id.* at 575. A defendant alleging that a non-diverse defendant is improperly joined has the heavy burden of "demonstrating either '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006) (quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)).

Thus, where there is no dispute or allegation of actual fraud concerning the fact that both plaintiff and a defendant are citizens of the same state, the sole concern is whether, as a matter of law, Plaintiff can establish a valid state-law cause of action against the non-diverse defendant. *See Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999). Under this second prong of the improper-joinder test, the standard is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against [a non-diverse] defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against [a non-diverse] defendant." *Smallwood*, 385 F.3d at 573. "A mere theoretical possibility of recovery under local law will not preclude a finding of improper joinder." *Id.* at 573 n.9 (internal quotation marks omitted).

But the United States Court of Appeals for the Fifth Circuit has further instructed that, "[s]ince the purpose of the improper joinder inquiry is to determine

-4-

whether or not the in-state defendant was properly joined, the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case." *Id.* "The burden on the removing party is to prove that the joinder of the in-state parties was improper – that is, to show that sham defendants were added to defeat jurisdiction," such that "[a] showing that the plaintiff's case is barred as to all defendants is not sufficient" and, "[w]hen the only proffered justification for improper joinder is that there is no reasonable basis for predicting recovery against the in-state defendant, and that showing is equally dispositive of all defendants rather than to the in-state defendants alone, the requisite showing has not been made." *Id.* at 575; *see also id.* at 574 (explaining that, "when, on a motion to remand, a showing that compels a holding that there is no reasonable basis for predicting that state law would allow the plaintiff to recover against the in-state defendant necessarily compels the same result for the nonresident defendant, there is no improper joinder; there is only a lawsuit lacking in merit" and that, "[i]n such cases, it makes little sense to single out the in-state defendants as 'sham' defendants and call their joinder improper" and, "[i]n such circumstance, the allegation of improper joinder is actually an attack on the merits of plaintiff's case as such").

Ordinarily, the court must conduct a Federal Rule of Civil Procedure 12(b)(6)-type analysis, examining the allegations in the complaint to determine whether the plaintiff has stated a claim against the non-diverse defendants. *See Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 376 (5th Cir. 2006). If, however, the complaint has "omitted discrete facts, the district court may, in its discretion,

pierce the pleadings and conduct a summary inquiry." *Id.* But the United States Court of Appeals for the Fifth Circuit has "caution[ed] that a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the [non-diverse] defendant" and that "any piercing of the pleadings should not entail substantial hearings." *Smallwood*, 385 F.3d at 573-74. "Attempting to proceed beyond this summary process carries a heavy risk of moving the court beyond jurisdiction and into a resolution of the merits, as distinguished from an analysis of the court's diversity jurisdiction by a simple and quick exposure of the chances of the claim against the [non-diverse] defendant alleged to be improperly joined. Indeed, the inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden." *Id.* at 574. Further, "[i]n this inquiry the motive or purpose of the joinder of in-state defendants is not relevant." *Id.*

In making the improper-joinder determination, the Court will "evaluate all of the factual allegations in the plaintiff's state court pleadings in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff" and "then examine relevant state law and resolve all uncertainties in favor of the nonremoving party." *Cavallini v. State Farm Mut. Auto. Ins. Co.*, 44 F.3d 256, 260 n.8, 264 (5th Cir. 1995) (quoting *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205–06 (5th Cir. 1983)).

The Texas "fair notice" pleading standard should be applied in determining whether a non-diverse defendant has been improperly joined. *See Durable Specialities,*

*Inc. v. Liberty Ins. Corp.*, No. 3:11-cv-739-L, 2011 WL 6937377, at *5 (N.D. Tex. Dec. 30, 2011). Under the Texas Rules of Civil Procedure, a pleading may contain legal conclusions as long as fair notice to the opponent is given by the allegations as a whole. *See* TEX. R. CIV. P. 45(b); *see also* TEX. R. CIV. P. 47(a). The state court liberally construes a plaintiff's petition in the plaintiff's favor. *See Starcrest Trust v. Berry*, 926 S.W.2d 343, 349 (Tex. App. – Austin 1996, no writ). The court will also look at the plaintiff's intent and uphold a petition, even when the plaintiff has not specifically alleged some element of a cause of action, by supplying every fact that can reasonably be inferred from what the plaintiff specifically did state. *See Torch Operating Co. v. Bartell*, 865 S.W.2d 552, 554 (Tex. App. – Corpus Christi 1993, writ denied). The goal is only to ensure that the opposing party gets sufficient information to supply fair and adequate notice of the facts on which the plaintiff bases the claim. *See Roark v. Allen*, 633 S.W.2d 804, 810 (Tex. 1982). Texas also recently enacted Texas Rule of Civil Procedure 91a, which requires that allegations have a "basis in law and fact" and forbids consideration of evidence outside the pleadings and exhibits attached thereto. *See* TEX. R. CIV. P. 91a.1 ("[A] party may move to dismiss a cause of action on the grounds that it has no basis in law or fact. A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought. A cause of action has no basis in fact if no reasonable person could believe the facts pleaded."), 91a.6 (mandating that "the court may not consider evidence in ruling on the motion and must decide the motion based solely on the pleading of the cause of action, together with any pleading exhibits

permitted by" the rules of civil procedure); *Dailey v. Thorpe*, 445 S.W.3d 785, 790 (Tex. App. – Houston [1st Dist.] 2014, no pet.) (affirming the trial court's refusal to consider extrinsic evidence).

## Analysis

In its Notice of Removal, JPMC asserts that Defendants Thomas F. Vetters (the "Original Trustee"), Matt Lindsey, Robert Forester, Robert Maris, and Lisle Patton (the "Substitute Trustees") "have been improperly joined because Plaintiff does not state and cannot establish any cause of action against them" and that, "[i]n fact, Plaintiff makes no specific factual allegations regarding these parties except to state that they are the trustees." Dkt. No. 1 at 5 (citing Dkt. No. 1-1). JPMC alleges that, "[m]oreover, because the Substitute Trustees are specifically named in their capacity as substitute trustees they are not necessary parties to the lawsuit." *Id.* (citing TEX. PROP. CODE § 51.007; *Rojas v. Wells Fargo Bank, N.A.*, 571 F. App'x 274, 277 (5th Cir. 2014)). JPMC contends that, "[a]ccordingly, for purposes of determining diversity jurisdiction, the citizenship of the Original Trustee and the Substitute Trustees should be disregarded because they are not properly joined." *Id.*

In the Original Petition filed in state court, Plaintiff seeks declaratory relief regarding the ownership of the property at issue in Dallas, Texas(the "Property") and Defendants JPMC and Government National Mortgage Association's interest in the Note and Deed of Trust secured by the Property. *See* Dkt. No. 1-1. Plaintiff contends that "Defendant claims that the Short Deed of Trust operates as an alternate means of collecting the Short Deed of Trust Obligation despite the fact that Defendant [JPMC]

breached its contractual duty to release the Short Deed of Trust upon its receiving payment of the sums secured by the Deed of Trust" and that JPMC "could not assign the Short Deed of Trust, because in addition to its contractual obligation to release the Security Instrument, [JPMC] failed to assign the Short Deed of Trust to the Purchaser of the Short Note," where, Plaintiff alleges, "[t]he Deed of Trust follows the Note" and "an assignment of the Deed of Trust without the underlying obligation renders the Deed of Trust a nullity." *Id.* at 6 of 79. Plaintiff brings a breach of contract claim against JPMC. *See id.* at 11 of 79. Plaintiff also seeks a declaration that he is the owner of the Property and that JPMC cannot foreclose under the Deed of Trust. *See id.* at 11-12 of 79.

The Original Petition alleges only as follows as to the Original Trustee or the Substitute Trustees or as to Defendants collectively:

- "4. Defendant, THOMAS F VETTERS, (hereinafter 'Original Trustee') is the Original Trustee. Vetters can be served at 10333 Richmond Avenues, Suite 550, Houston, Texas 77402."
- "5. Defendants, MATT LINDSEY, ROBERT FORESTER, ROBERT MARIS, or LISLE PATTON (hereinafter collectively "Current Trustee") are the current Substitute Trustee. Current Trustee can be served at: C/O Barrett, Daffin, Frappier, Turner, & Engel, LLP, 1500 Surveyor Boulevard, Suite 100, Addison, Texas 75001."
- "24. On or about July 11, 2014 JPMorgan, executed an Appointment of Substitute Trustee in which JPMorgan purports to appoint Current Trustee and substitute out Original Trustee. **(Appointment of Trustee attached hereto and incorporated herein as Exhibit D)**"
- "25. At the time of the July 11, 2014 appointment, JPMorgan did not have the authority or resolution to execute the Appointment of Substitute Trustee."
- "26. At the time of the July 11, 2014 appointment of substitute trustee, JPMorgan did not possess any right, title or interest in the Short Deed of Trust having sold the Short Note to multiple classes of Series GNMA-2008-034 Trust."
- "27. The July 11, 2014 Appointment of Substitute Trustee was filed on or about July 27, 2014 with the Dallas County Clerk."

- "31. None of the named Defendants can make a lawful claim to the Short Note or the Short Deed of Trust."
- "36. Defendant, individually and collectively cannot enforce the Short Deed of Trust, as they were not properly assigned all the rights to the Short Deed of Trust."
- "37. Defendants failed to comply with V.T.C.A. Bus. & C. § 3.203 *Transfer of Instrument; Rights Acquired by Transfer*."
- "38. Defendants failed to comply with V.T.C.A. Bus. & C. § 7.501 Form of Negotiation and Requirements of 'Due Negotiation'."

*Id.* at 7 of 79, 10-11 of 79, 11-12 of 79. Plaintiff requests as relief that the Court declare "that none of the named Defendants can make a lawful claim to the Short Note"; "that none of the named Defendants can make a lawful claim to the Short Deed of Trust"; "that Series GNMA-2008-034 Trust was not granted as a matter of law or equity any right, title or interest in the Short Note"; "that Series GNMA-2008-034 Trust was not granted as a matter of law or equity any right, title or interest in the Short Deed of Trust"; "that the July 11, 2014 Appointment of Substitute Trustee is fraudulent [and] thus void"; "that Plaintiff VICTOR SHORT is the owners of the Property"; and "that the Plaintiff is entitled to punitive money damages due to the knowing fraudulent acts of the Defendants." *Id.* at 13 of 79.

The undersigned has evaluated all factual allegations in Plaintiff's Original Petition in the light most favorable to Plaintiff, resolved all contested issues of substantive fact in Plaintiff's favor, and resolved any uncertainties in Plaintiff's favor on the relevant state law authorities and has construed Plaintiff's *pro se* pleadings liberally, as the state court would. *See Breitling v. LNV Corp.*, ___ F. Supp. 3d ___, 2015 WL 367094, at * (N.D. Tex. Jan. 27, 2015). Having done so, the undersigned still agrees with JPMC that the bare allegations contained in Plaintiff's Original Petition

provide no reasonable basis to predict that Plaintiff might be able to recover against the Original Trustee or the Substitute Trustees in state court, where a mere theoretical possibility of recovery does not preclude a finding of improper joinder. *See Smallwood*, 385 F.3d at 573 & n.9; *accord Cantor v. Wachovia Mortg., FSB*, 641 F. Supp. 2d 602, 611-12 (N.D. Tex. 2009).

Plaintiff alleges his breach of contract claim only against JPMC. *See* Dkt. No. 1-1 at 11 of 79. Plaintiff simply has not alleged any claim against the Original Trustee or the Substitute Trustees but, rather, alleges only that they are or were the trustees and that their appointment by JPMC was improper. But the former allegations are not, without more, a basis for claim for relief, and the latter allegation does not provide a reasonable basis to predict that Plaintiff might be able to recover against the Original Trustee or the Substitute Trustees themselves, as opposed to JPMC or Government National Mortgage Association. "Although the [requested] declarations quoted above purport to determine the rights of all Defendants, in reality only the rights of [JPMC] and/or [Government National Mortgage Association] are in dispute." *Marsh v. Wells Fargo Bank, N.A.*, 760 F. Supp.2d 701, 710 (N.D. Tex. 2011). "That the declarations, if granted, might incidentally affect the [Original Trustee] or Substitute Trustees is not relevant for diversity jurisdiction." *Id.*

The undersigned concludes that JPMC has met its burden of demonstrating that there is no reasonable basis for predicting that Plaintiff might be able to recover against any of the non-diverse defendants in this case and that Defendants Thomas F. Vetters, Matt Lindsey, Robert Forester, Robert Maris, and Lisle Patton therefore were

improperly joined, that their consent was not required for removal, *see Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993); *see also Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007), and that these defendants should be dismissed, *see Moreno Energy, Inc. v. Marathon Oil Co.*, 884 F. Supp. 2d 577, 588 (S.D. Tex. 2012) (where non-diverse party found to be improperly joined is dismissed); *Adams v. Chase Bank*, No. 3:11-cv-3085-M, 2012 WL 2122175, at *3 (N.D. Tex. May 11, 2012), *rec. adopted*, 2012 WL 2130907 (N.D. Tex. June 12, 2012) (same). And, with their dismissal, complete diversity of citizenship exists as JPMC's Notice of Removal alleges.

## Recommendation

The Court should conclude that Defendants Thomas F. Vetters, Matt Lindsey, Robert Forester, Robert Maris, and Lisle Patton were improperly joined and should be dismissed and that, with the dismissal of these defendants, complete diversity of citizenship exists and the Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by

reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 29, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE