`                    IN THE UNITED STATES DISTRICT COURT
                       NORTHERN DISTRICT OF TEXAS
                              DALLAS DIVISION

VICTOR SHORT, SR., individually,        §
                                        §
                Plaintiff,              §
                                        §
V.                                      §          No. 3:15-cv-1953-M-BN
                                        §
JPMORGAN CHASE BANK, N.A., ET           §
AL.,                                    §
                                        §
                Defendants.             §

          **FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
                   UNITED STATES MAGISTRATE JUDGE**

        This case has been referred to the undersigned United States magistrate judge

pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States

District Judge Barbara M.G. Lynn.

        Defendants JPMorgan Chase Bank, N.A. ("Chase") and Government National

Mortgage Association ("GNMA"; collectively, "Defendants") filed a Motion to Dismiss

for Failure to State a Claim (the "Motion to Dismiss"). *See* Dkt. No. 8. Plaintiff Victor

Short, Sr. filed a Motion for Leave to File an Amended Pleading ("Motion for Leave").

*See* Dkt. No. 25. Chase and GNMA also filed a motion to dismiss Plaintiff's claims for

failure to prosecute. *See* Dkt. No. 27.

        For the reasons explained below, Defendants' Motion to Dismiss should be

granted, and this action should be dismissed with prejudice. The undersigned further

recommends that Plaintiff's Motion for Leave, [Dkt. No. 25] be denied and Defendants'

Motion to Dismiss for Failure to Prosecute, [Dkt. No. 27] be terminated as moot.

                                        1

## Background

In 2008, Plaintiff executed a mortgage note (the "Note") with Chase to purchase property located in Dallas, Texas (the "Property"). *See* Dkt. No. 1-1 at ¶ 7. Under the Note, Plaintiff promised to pay Chase $160,900.00 plus interest in regular monthly payments. *See* Dkt. No. 10-1 at App. 001. Plaintiff and Chase also executed a deed of trust (the "Deed of Trust"), which secured the payments Plaintiff owed under the Note. *See* Dkt. No. 1-1 at 20-38. The Deed of Trust gives Chase power to foreclose on the Property if Plaintiff defaults on his payment obligations. *See id.* at 30. The Deed of Trust also obligates Chase to release its security interest upon Plaintiff's payment of "all sums secured." *See id.* On April 21, 2009, Chase assigned the Note and Deed of Trust to Chase Home Finance, LLC ("Chase Home Finance") and recorded this transaction in the public records of Dallas County, Texas. *See* Dkt. No. 10-1 at App. 025-026. Chase Home Finance merged with Chase on May 1, 2011. *See id.* at App. 120. A certificate memorializing the merger was filed in the public record. *See id.*

On July 3, 2010, Plaintiff petitioned for Chapter 13 bankruptcy in the U.S. Bankruptcy Court for the Northern District of Texas. *See id.* at App. 031. On July 19, 2010, Plaintiff filed bankruptcy schedules listing his creditors, liabilities, and assets. *See id.* at App. 044-066. In these bankruptcy schedules, Plaintiff acknowledged that he was in default on the Note and Chase was his creditor. *See id.* at App. 053 (listing mortgage arrearage totaling $13,440.00). These bankruptcy schedules did not list any contingent or unliquidated claims against Defendants. *See id.* at App. 048. His

2

bankruptcy plan was confirmed on September 20, 2010, *see id*. at App. 034, but subsequently dismissed, without prejudice, *see id*. at App. 037.

Plaintiff filed another bankruptcy petition with schedules on December 31, 2012. *See id*. at App. 038, 067-094. These bankruptcy schedules did not list any contingent or unliquidated claims against Defendants. *See id*. at App. 075, 080. This bankruptcy plan was confirmed on March 13, 2013. *See id*. at App. 042.

Chase began foreclosure proceedings on the Property in 2014. *See* Dkt. No. 1-1 at ¶ 24. Plaintiff, proceeding *pro se*, filed this current suit to challenge Chase's authority to foreclose. *See id*. at ¶¶ 25-26. To support this challenge, Plaintiff alleges that Chase sold the Note to GNMA sometime before April 2008 and that this alleged sale split the Note from the Deed of Trust. *See id*. at ¶¶ 1, 15, 16, 19. Plaintiff also contends that Chase breached the Deed of Trust when it failed to release its security interest after the GNMA sale. *See id*. at ¶¶ 28-30. Further, Plaintiff advances a claim for declaratory relief. *See id*. at ¶¶ 31-38. Plaintiff also seeks punitive damages and a declaration that he is the owner of the Property, which is currently valued at $130,510.00. *See id*. at 13; Dkt. No. 1 at ¶ 9.

Defendants filed their Motion to Dismiss on the grounds that Plaintiff was judicially estopped from asserting his claims and otherwise failed to state a claim upon which relief may be granted. *See* Dkt. No. 8. The Court entered an Initial Scheduling Order that instructed the Parties to seek leave to amend their pleadings by August 12, 2015. *See* Dkt. No. 19 at ¶ 2. After extending Plaintiff's deadline to respond to the Motion to Dismiss on several occasions, the Court ordered Plaintiff to respond or, in

the alternative, seek leave to amend by September 17, 2015. *See* Dkt. No. 24. Despite this deadline, Plaintiff only responded to Defendants' Motion to Dismiss ("Response") on October 27, 2015. *See* Dkt. No. 28. Defendants replied on November 9, 2015. *See* Dkt. No. 29.

On September 16, 2015, Plaintiff filed a Motion for Leave to File an Amended Pleading (the "Motion for Leave"). *See* Dkt. No. 25. The Motion for Leave appears to advance new claims for violations of the Deceptive Trade Practices Act ("DTPA") and Truth in Lending Act ("TILA") but does not include Plaintiff's proposed amended complaint. *See* Dkt. No. 25 at 1. On September 28, 2015, Defendants responded to the Motion for Leave, *see* Dkt. No. 26, and moved to dismiss Plaintiff's claims due to his failure to prosecute, *see* Dkt. No. 27.

The undersigned concludes that Defendants' Motion to Dismiss should be granted and Plaintiff's claims should be dismissed with prejudice. Consequently, Plaintiff's Motion for Leave should be denied and Defendants' Motion to Dismiss for Failure to Prosecute terminated as moot.

## Legal Standards

In deciding a motion to dismiss for failure to state a claim, the Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205–06 (5th Cir. 2007). "The court does not evaluate the plaintiffs' likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim." *Hicks v.*

*Green Tree Servicing*, LLC, 3:13-cv-3025-L, 2014 WL 961856, at *2 (N.D. Tex. Mar. 12, 2014).

To state a claim on which relief may be granted, plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level, *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir.2011) (quoting *Iqbal*, 556 U.S. at 679).

A court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *See Katrina*, 495 F.3d at 205. Documents "'attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to [his] claim.'" *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). "Although the Fifth Circuit has not articulated a test for determining when a document is central

to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund v. (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). "However, if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.* In addition, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n. 9 (5th Cir. 2007); *accord Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2008) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice").

Because Plaintiff is proceeding *pro se*, his pleading will be construed with all possible deference. *See Muthukumar v. Univ. of Tex. at Dallas,* No. 3:10-cv-115-B, 2010 WL 5287530, at *2 (N.D. Tex. Dec. 27, 2010); *see Jackson v. Roche,* Nos. 7:04-cv-133-O & 7:02-cv-111-R, 2008 WL 2579677, at *4 (N.D. Tex. June 27, 2008) ("Because Plaintiff filed his complaint as a *pro se* litigant, this Court is obligated to construe the complaint liberally." (citations omitted)). But "such a liberal construction does not require that the Court or a defendant create causes of action where there are none." *Smith v. CVS Caremark Corp.,* No. 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013). A court need not "conjure up unpled allegations or construe elaborately arcane

6

scripts" to save a *pro se* complaint. *Govea v. ATF,* 207 F. App'x 369, 372 (5th Cir. 2006) (per curiam) (internal quotation marks omitted).

## Analysis

Plaintiff's claims should be dismissed with prejudice. In reaching this conclusion, the undersigned considered Plaintiff's bankruptcy petitions and other matters of public record. *See Norris*, 500 F.3d at 461 n. 9. The undersigned also considered the Deed of Trust because it is central to Plaintiff's claims and attached to his petition. *See Collins*, 224 F.3d at 498-99; *Kaye*, 453 B.R. at 662.

Defendants note that Plaintiff's response to the Motion to Dismiss is untimely. *See* Dkt. No. 29. It is, and Plaintiff is not exempt from compliance with the Court's orders or governing rules simply because he is proceeding *pro se*. *See Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) ("The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law. One who proceeds *pro se* with full knowledge and understanding of the risks involved acquires no greater rights than a litigant represented by a lawyer, unless a liberal construction of properly filed pleadings be considered an enhanced right. Rather, such a litigant acquiesces in and subjects himself to the established rules of practice and procedure." (citations omitted)). Nevertheless, the undersigned, having considered the untimely response, concludes that it is of no consequence because it does not address Defendants' judicial estoppel defense or otherwise provide facts that support Plaintiff's claims for relief.

7

Judicial Estoppel

The Court should conclude that Plaintiff is judicially estopped from asserting his claims against Defendants because he did not include them in his bankruptcy petitions. Judicial estoppel is an affirmative defense. *See EEOC v. Rock–Tenn Servs. Co.*, 901 F. Supp. 2d 810, 829 (N.D. Tex. 2012). Although dismissal under Rule 12(b)(6) is ordinarily determined by whether the facts alleged in the complaint, if true, give rise to a cause of action, a claim may also be dismissed if a successful affirmative defense appears clearly on the face of the pleadings. *See U.S., ex rel. Long v. GSDMIdea City, L.L.C.*, 798 F.3d 265, 275 (5th Cir. 2015) ("As already discussed, our cases and the leading Supreme Court case applying judicial estoppel have invoked the doctrine at the motion-to-dismiss stage. Where the defense appears on the face of the pleadings and in judicially noticeable facts, it may be considered in a motion to dismiss."); *Harris v. Rivera*, No. 3:11-cv-3013-D, 2013 WL 246709, at *5 (N.D. Tex. Jan.23, 2013); *see also White v. Padgett*, 475 F.2d 79, 82 (5th Cir. 1973) (holding that claim is "subject to dismissal under Rule 12(b)(6) ... when [an] affirmative defense clearly appears on the face of the complaint.").

"The doctrine of judicial estoppel prevents a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding." *Reed v. City of Arlington*, 650 F.3d 571, 573-74 (5th Cir. 2011) (en banc). The purpose of this doctrine "is to protect the integrity of the judicial process, by preventing parties from playing fast and loose with the courts to suit the exigencies of self interest." *In re Wakefield*, 293 B.R. 372, 378 (N.D. Tex. 2003) (internal quotation

marks and brackets omitted). In the bankruptcy context, "judicial estoppel must be applied in such a way as to deter dishonest debtors whose failure to fully and honestly disclose all their assets undermines the integrity of the bankruptcy system, while protecting the rights of creditors." *Reed*, 650 F.3d at 574.

Judicial estoppel applies when "(1) the party against whom judicial estoppel is sought has asserted a legal position which is plainly inconsistent with a prior position; (2) a court accepted the prior position; and (3) the party did not act inadvertently." *Id.* The United States Court of Appeals for the Fifth Circuit has held that "[j]udicial estoppel is particularly appropriate where, as here, a party fails to disclose an asset to a bankruptcy court, but then pursues a claim in a separate tribunal based on that undisclosed asset." *Jethroe v. Omnova Solutions, Inc.*, 412 F.3d 598, 600 (5th Cir. 2005).

Plaintiff's current legal position — that he has a claim against Defendants — is inconsistent with the position he took in his 2010 and 2012 bankruptcy proceedings. "'[T]he Bankruptcy Code and Rules impose upon bankruptcy debtors an express, affirmative duty to disclose all assets, including contingent and unliquidated claims.'" *In re Superior Crewboats, Inc.*, 374 F.3d 330, 335 (5th Cir. 2004) (quoting *In re Coastal Plains, Inc.*, 179 F.3d 197, 207-08 (5th Cir. 1999)). Further, the "obligation to disclose pending and unliquidated claims in bankruptcy proceedings is an ongoing one." *Jethroe*, 412 F.3d at 600. "Accordingly, if a litigant fails to disclose a pending or potential claim during a bankruptcy proceeding and later attempts to pursue that claim in a court of law, then element one of the test for judicial estoppel is met."

9

*Johnson v. Deutsche Bank Nat. Trust Co.*, No. 3:12-cv-3542-L, 2013 WL 3810715, at *8 (N.D. Tex. July 23, 2013).

Plaintiff's bankruptcy schedules, which required disclosure of "contingent and unliquidated claims of every nature" and were verified under penalty of perjury, clearly represented to the Bankruptcy Court that he had no contingent or unliquidated claims against Defendants. *See* Dkt. No. 10-1 at App. 048, 066, 094, 075. Plaintiff's pursuit of this action in this Court is plainly inconsistent with his position before the Bankruptcy Court. And Plaintiff has failed to provide any response to refute this conclusion.

The Bankruptcy Court accepted Plaintiff's prior legal position. "Courts have consistently held that a bankruptcy court accepts a debtor's position when it relies on his asset schedules and confirms his bankruptcy plan. This reliance need not be explicit; the court assumes reliance on the debtor's schedules when the bankruptcy court confirms the debtor's plan." *Abreu v. Zale Corp.*, No. 3:12-cv-2620-D, 2013 WL 1949845, at *3 (N.D. Tex. May 13, 2013). The Bankruptcy Court undoubtedly considered and relied on Plaintiff's bankruptcy schedules when it confirmed his bankruptcy plans in 2010 and 2013. *See* Dkt. No. 10-1 at App. 034, 042. Thus, Plaintiff's position in his bankruptcy schedules that he had no contingent or unliquidated claims against Defendants was accepted by the Bankruptcy Court.

Finally, Plaintiff's nondisclosure was not, as a matter of law, inadvertent. "In considering judicial estoppel for bankruptcy cases, the debtor's failure to satisfy its statutory disclosure duty is 'inadvertent' only when, in general, the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment." *Love v.*

*Tyson Foods, Inc.*, 677 F.3d 258, 262 (5th Cir. 2012) (quoting *Coastal Plains*, 179 F.3d at 210). "A plaintiff has knowledge of a claim whenever [he] knows the facts that give rise to the claim." *Abreu*, 2013 WL 1949845, at *3. In fact, "if the debtor has enough information prior to confirmation to suggest that it may have a possible cause of action, then that is a 'known' cause of action such that it must be disclosed." *Coastal Plains*, 179 F.3d at 208 (citation omitted).

Plaintiff had knowledge of his claims against Defendants before his bankruptcy petitions were confirmed. Plaintiff's claims arise from Chase's foreclosure initiation. *See* Dkt. No. 1-1. In 2008, Plaintiff and Chase executed the Deed of Trust, which gave Chase power to foreclose if Plaintiff defaulted. *See id.* at 30. Plaintiff acknowledged that he was in default when he filed his bankruptcy schedules in July 2010. *See* Dkt. No. 10-1 at App. 053. Therefore, Plaintiff knew that Chase could foreclose on the Property before his bankruptcy petitions were confirmed. *See id.* at App. 034, 042. Plaintiff also bases his claims on an alleged 2008 sale of the Note between Chase and GNMA. *See* Dkt. No. 1-1 at ¶¶ 11-14, 29, 33-34. If Plaintiff's allegations are true, this sale occurred years before Plaintiff's bankruptcy petitions were confirmed in 2010 and 2013. Yet, Plaintiff did not list any contingent or unliquidated claims against either Defendant in his bankruptcy schedules, *see* Dkt. No. 10-1 at App. 048, 075, and otherwise failed to disclose his claims at any time prior to the confirmation of his bankruptcy plans.

Further, Plaintiff had motive to conceal his undisclosed claims. "[T]he motivation element is almost always met if a debtor fails to disclose a claim or possible

claim to the bankruptcy court. Motivation in this context is self-evident because of potential financial benefit resulting from the nondisclosure." *Love*, 677 F.3d at 262. Plaintiff seeks punitive money damages from Defendants as well as free-and-clear ownership of the Property, which is valued at $139,510.00. *See* Dkt. No. 1 at ¶ 9; Dkt. No. 1-1 at 13. Plaintiff therefore would have experienced a financial benefit if he prevailed and obtained punitive money damages and ownership of the Property without having accounted for these claims in his bankruptcy cases.

Plaintiff does not argue that his nondisclosure was inadvertent or otherwise address Defendants' judicial estoppel arguments for dismissal of his claims. *See* Dkt. No. 28. Therefore, the undersigned recommends that the Court dismiss all of Plaintiff's claims with prejudice based on judicial estoppel.

But, even if Plaintiff were not judicially estopped from bringing any claims against Defendants, Plaintiff otherwise fails to advance legally cognizable causes of action as explained below.

Split-the-Note and Show-Me-the-Note Theories

Plaintiff's allegation that the Note was split from the Deed of Trust does not give rise to any viable claim. Plaintiff alleges that Chase lost its ability to foreclose on the Property because it did not contemporaneously transfer the Deed of Trust with the Note. *See* Dkt. No. 1-1 at ¶¶ 15-16. In this way, Plaintiff is asserting a split-the-note theory, which posits that a transfer of a deed of trust without contemporaneous transfer of the note splits the note from the deed of trust and renders both null. *See Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 254 (5th Cir.2013). This

12

theory requires a party to hold both the Note and the Deed of Trust in order to foreclose. *See id.* Defendants also contend that Plaintiff espouses the related "show-me-the-note" theory, which posits that a party must produce the original note to foreclose. *See id*; Dkt. No. 9 at 9-12.

As an initial matter, the public record shows that Chase contemporaneously assigned the Note and Deed of Trust to Chase Home Finance, which subsequently merged into Chase. *See* Dkt No. 10-1 at App. 025-27 ("on the date of assignment indicated above ... [Chase,] [h]older of the Note and Deed of Trust transferred and assigned each to Assignee"); *id.* at App. 120. But, even if Plaintiff's allegations were true, the Fifth Circuit definitively rejected both the "split-the-note" and "show-me-the-note" theories as viable challenges to foreclosure. *See Martins*, 722 F.3d at 256.

Therefore, any claim challenging Chase's ability to foreclose based on these theories should be dismissed with prejudice.

Breach of Contract

Plaintiff's breach of contract claim should also fail because he cannot allege that he performed or tendered performance. Plaintiff asserts that Chase breached the Deed of Trust when it failed to release its security interest after selling the Note to GNMA. *See* Dkt. No. 1-1 at ¶ 29. To establish a breach of contract claim under Texas law a plaintiff must allege: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages to the plaintiff resulting from the breach. *See Lewis v. Bank of America NA*, 343 F.3d 540, 544-45 (5th Cir. 2003). "[A] party to a contract may not bring a suit for

13

the contract's breach if that party, itself, is in default." *Ybarra v. Wells Fargo Bank, N.A.*, 575 F. App'x 471, 474 (5th Cir. 2014).

Plaintiff responds that he "tendered performance under the contract," Dkt. No. 28 at ¶ 29, although his 2010 bankruptcy schedule shows that he defaulted on his Note, *see* Dkt. No. 10-1 at App. 053. It appears that Plaintiff believes that he tendered performance, not for any affirmative act he completed, but because GNMA allegedly purchased the Note from Chase. *See* Dkt. No. 1-1 at ¶¶ 11, 12. But a careful reading of the Deed of Trust reveals that Chase was to release its security interest only when Plaintiff – not any other entity – fully paid the Note. *See* Dkt. No. 1-1 at 30. Plaintiff has not asserted that he fully paid the Note. Even accepting Plaintiff's allegation – that GNMA paid the Note – as true, GNMA's payment would not constitute Plaintiff's performance.

Therefore, Plaintiff has not and cannot show that he performed or tendered performance, so his breach of contract claim should be dismissed with prejudice.

Declaratory Relief

Plaintiff's request for declaratory relief should also be dismissed because it cannot survive without an underlying cause of action. "[T]he Declaratory Judgment Act is procedural and does not create an independent private right of action." *Harris Cty. Tex. v. MERSCORP Inc.*, 791 F.3d 545, 553 (5th Cir. 2015); *see also Okpalobi v. Foster*, 244 F.3d 405, 424 n. 31 (5th Cir. 2001). To the extent Plaintiff seeks a declaration that Defendants committed fraud, *see* Dkt. No. 1-1 at 13 & ¶¶ 6, 8, this request must fail because he has not pleaded an underlying claim for fraud, pursuant to Federal Rule

of Civil Procedure 9(b). Plaintiff also appears to assert a claim for violations of the Texas Business and Commerce Code §§ 3.203, 7.501. 9.312. *See id.* at ¶¶ 35, 37, 38. But there are no facts that show that Defendants violated provisions. Therefore, this probable claim lacks factual support and should be dismissed.

Because Plaintiff's underlying claims should be dismissed, his request for declaratory relief should be dismissed as well.

Motion for Leave to Amend

Plaintiff's Motion for Leave should be denied. The Court generally permits a plaintiff to replead when it grants a Rule 12 motion, particularly in a removed case where a petition drafted under state pleading rules by a *pro se* plaintiff is determined to be deficient, but the Court should decline to do so here. *See generally Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("In view of the consequences of dismissal on the complaint alone, and the pull to decide cases on the merits rather than on the sufficiency of pleadings, district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.").

The Court instructed Plaintiff that, if he sought leave to amend, he would have to address Federal Rules of Civil Procedure 16(b)(4) and 15(a), attach a copy of his proposed amended complaint, and explain why the amended complaint would not be subject to dismissal. *See* Dkt. No. 24

Plaintiff has not established good cause to amend as required under Federal Rule of Civil Procedure 16(b)(4) and the Court's order. *See id.* According to the Initial Scheduling Order, August 12, 2015 was the deadline to seek leave to amend. *See* Dkt. No. 19. A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b); *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003) ("Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired."). Although the Court extended Plaintiff's deadline to seek leave to amend, it still required him to address the Rule 16(b)(4) "good cause" standard. *See* Dkt. No. 24 at 1. The "good cause" standard requires the "party seeking relief to show that the deadlines [could not] reasonably be met despite the diligence of the party needing the extension." *S & W Enters.*, 315 F.3d at 535 (citation omitted). Plaintiff made no such showing. Plaintiff's Motion for Leave provides no explanation for his failure to timely amend nor does he discuss any new developments or facts discovered after the original August 12th deadline. *See Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 258 (5th Cir. 1997) ("District judges have the power to control their dockets by refusing to give ineffective litigants a second chance to develop their case."). Because Plaintiff has not demonstrated good cause to modify the Initial Scheduling Order, there is no need to determine whether to grant leave to amend under Rule 15(a). *See S&W Enters.*, 315 F.3d at 536 ("Only upon the movant's demonstration of good cause ... will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave.")

16

When deciding whether to allow an untimely amendment, the court may also consider "the importance of the amendment; potential prejudice in allowing the amendment; and the availability of a continuance to cure such prejudice." *S & W Enters.*, 315 F.3d at 536. Plaintiff's Motion for Leave does not address any of these considerations. Further, Plaintiff did not attach his proposed amended complaint, as instructed, so the Court cannot effectively consider these factors.

Finally, Plaintiff's amended pleading would be subject to dismissal based on judicial estoppel. The Motion for Leave appears to assert DTPA and TILA claims against Defendants. *See* Dkt. No. 25 at 1. Plaintiff did not list these claims on his bankruptcy schedules, *see* Dkt. 10-1 at App. 048, 075, and fails to explain why these claims would not be subject to dismissal based on judicial estoppel. Further, Plaintiff does not allege any facts that would give rise to his proposed DTPA and TILA claims, and the Court is not required to create a factual basis for these claims with no help from the Plaintiff. *See Smith v. CVS Caremark Corp.,* No. 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013). "Clearly, if a complaint as amended is subject to dismissal, leave to amend need not be given." *Simmons v. Sabine River Auth. La.*, 732 F.3d 469, 478 (5th Cir. 2013).

Because Plaintiff has not shown good cause to amend, failed to abide by the Court's orders, and has not otherwise asserted a basis for his proposed claims that would not fail as a matter of law for the reasons that his previously pleaded claims fail or asserted facts that would support the proposed claims, the Court should dismiss Plaintiff's claims with prejudice and deny him leave to amend.

17

## Recommendation

The Court should grant Defendants JPMorgan Chase Bank, N.A. and Government National Mortgage Association's Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim [Dkt. No. 8], dismiss Plaintiff Victor Short, Sr.'s claims against Defendants JPMorgan Chase Bank, N.A. and Government National Mortgage Association with prejudice, deny Plaintiff Victor Short, Sr.'s Motion for Leave to File an Amended Pleading [Dkt. No. 25], and terminate Defendants' Motion to Dismiss for Failure to Prosecute [Dkt. No. 27] as moot.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 19, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE